UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH L. IREY, | ) |
|     Plaintiff, | ) No. CV-08-00309-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>)<br>) |
|     Defendant. | )<br>)<br>) |

    BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 29, 2009. (Ct. Rec. 14, 18). Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14).

**JURISDICTION**

    Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on July 21, 2005, alleging back problems, irritable bowel syndrome (IBS), depression, and ADHD. (Tr. 74-79, 546-549, 553-

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                                   - 1 -

556.)  Both applications allege onset as of July 5, 2005.  The applications were denied initially and on reconsideration.  (Tr. 541-544, 550-552.) At a hearing before Administrative Law Judge (ALJ), Richard A. Say on September 27, 2007, plaintiff, represented by counsel, and vocational expert K. Daniel R. McKinney testified. (Tr. 565-592.)  On November 2, 2007, the ALJ issued an unfavorable decision.  (Tr. 19-30.)  The Appeals Council denied review on August 25, 2008.  (Tr. 5-8.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 8, 2008. (Ct. Rec. 2, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 26 at onset and 29 years old at the time of the hearing.  (Tr. 566.)  It is not clear if plaintiff has an eighth, ninth or tenth grade education.  (Tr. 160, 169, 246, 566, 568.) Plaintiff has worked as a lawn service worker, assistant manager-retail, sales clerk, and material handler-newspaper.  (Tr. 136, 155, 164.)  He testified he can sit for 30 minutes on a good day, stand 15 minutes, and walk one half block.  Plaintiff can lift a gallon of milk or 10 pounds of sugar.  He drives once or twice a week to go shopping.  (Tr. 576-577.)  He takes pain medication and remains on the couch all day.  (Tr. 575.)  Plaintiff has shooting pain down his legs to his feet, and pain from his neck to his shoulders and arms.  (Tr. 579.)  His joints hurt and he

experiences some numbness in his left toes and numbness in his hands. Plaintiff has upper back spasms and lays down during the down because of his pain, for which he takes methadone. (Tr. 579-580.) He has been depressed for a long time and was suicidal in 2006. ADHD causes memory problems and an inability to read more than 5-7 minutes. (Tr. 583-584.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines

whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through December 31, 2010. (Tr. 20.) The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 21.) At steps two and three, the ALJ found that plaintiff suffers from degenerative disc disease, history of irritable bowel syndrome (IBS), and depression, impairments that are severe but which do not alone or in

combination meet or medically equal a Listing impairment. (Tr. 21, 25.) The ALJ found plaintiff less than completely credible. (Tr. 28.) At step four, relying on the VE, the ALJ found plaintiff is unable to perform past relevant work. (Tr. 28.) At step five, again relying on the VE, the ALJ found plaintiff can perform other work, such as small parts and electrical assembly, and production inspector and checker, including small parts and garment inspector. (Tr. 29-30.) Because the ALJ found plaintiff could perform work, he was found not disabled at step five. (Tr. 30.) Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 30.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly weigh the opinion of treating physician Duncan Lahtinen, D.O., and to properly assess plaintiff's credibility. (Ct. Rec. 15 at 9.) The Commissioner responds that the ALJ appropriately weighed the evidence asks the Court to affirm his decision. (Ct. Rec. 19 at 6).

**DISCUSSION**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the

alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability."  *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician.  *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians.  *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly credit the opinion of treating physician Dr. Lahtinen, specifically his opinions in November of 2005 and June of 2007 that plaintiff was essentially unable to work. (Tr. 412-419, 427.) Dr. Lahtinen estimated plaintiff's level of pain at 9 (out of 10) in severity, as well as his fatigue. (Tr. 414.) He opined plaintiff needed to get up and move around every 30 minutes for 10 minutes, could occasionally lift up to 10 pounds, and required unscheduled breaks 4-5 times a day lasting 1 hour. (Tr. 414-417.) He predicted plaintiff is likely to miss work more than three times a month. (Tr. 418.) He listed physical therapy as treatment, although there is no record of a referral. (Tr. 416.)

In June of 2007, Dr. Lahtinen further opined plaintiff could sit for 30 minutes before having to move around for 10 minutes. He repeated the need for breaks and absences. (Tr. 427.) He opined plaintiff could sit for 2 out of 8 hours, stand or walk no more than one hour in 8, and is not a malingerer. (Id.) Dr. Lahtinen stated he based his opinions on 2 MRI's dated July 22, 2005, of the cervical and lumbar spine, "as well as lumbar pain experienced by my patient." (Id.)

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible. (Tr. 28.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility

determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: inconsistent statements, inconsistent physical findings on examination, complaints of severe depression undermined by the lack of treatment and medication, and noted disability conviction with symptom embellishment and exaggeration. (Tr. 28.)

Plaintiff testified he can only sit for 30 minutes. The ALJ notes: (1) plaintiff inconsistently told examining physician Dr. Bot he spent two hours a day on the computer on the Web (Tr. 28); (2) examining physician "Dr. Bray noted inconsistent physical examination findings" (Id.); and (3) Dr. Bray observed pain behavior. The ALJ states:

"On exam [by Dr. Bray], he was noted to have normal gait with entry and exit from the office building, but gait in the exam room

appeared somewhat stiff. . . He had significant 4+ pain behavior and grimacing from multiple interventions including just light touch."
(Tr. 23, referring to Exhibit 2F at 88-92.)

The ALJ points out the opinion of examining psychiatrist David Bot, M.D.,:

"Dr. Bot diagnosed pain disorder with psychological affecting physical disorder, complicated by probable disability conviction and embellishment of symptomology . . . Dr. Bot noted that global assessment of functioning was difficult to assess due to embellishment, but he [plaintiff] would probably have mild limitations."
(Tr. 24, referring to Exhibit 1F at 83-87.)

And, the ALJ observes, plaintiff takes no anti-depressant medication and does not receive any mental health treatment for his "severe depression." (Tr. 28.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ considered the records and opinions of examining physicians when he weighed Dr. Lahtinen's opinion, as noted. None

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

assessed any impairment similar to Dr. Lahtinen's. *See e.g.*, opinions of examining physicians Maria Yursek, M.D., and Robert Bray, M.D., that plaintiff can stand and walk 2-6 hours in an 8 hour day, sitting is unrestricted, and postural limitations are listed as mild to none. (Tr. 28, referring to Exhibits 1F at 80-83, 2F at 88-92.) Dr. Yursek gave her assessment in January of 2005, while Dr. Bray examined plaintiff in September of 2005 - about two months after onset.

In interpreting the July 2005 MRI's of the lumbar and cervical spine, David Munoz, M.D., concludes that the disc at L5-S1 is dehydrated and there is a broad-based central disc protrusion. (Tr. 312.) There is mild to moderate facet arthrosis and no evidence of canal stenosis. There is some moderate formainal stenosis on the right and mild to moderate on the left, at L5-S1. (Tr. 312-313.)

To the extent the ALJ rejected the contradicted marked impairments assessed by Dr. Lahtinen, he did so because they appear based on plaintiff's unreliable self-report, and are contradicted by all of the other examining professionals. These reasons are specific, legitimate, and fully supported by the evidence. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

*Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the medical evidence and of plaintiff's credibility is supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 4th day of June, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
